# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **01:15-CR-00332-ELR-LTW** |
| | * | |
| **RACHEL HAILEY,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

This matter is before the Court for consideration of Magistrate Judge Linda T. Walker's Report and Recommendation ("R&R") [Doc. 43] that Defendant's Motion to Suppress Search [Doc. 12] and Motion to Suppress Statements [Doc. 13] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 45]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

## I. Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

In Defendant's first objection, she argues that the magistrate judge erred in concluding that there is no evidence that statements Defendant made during two March 30, 2013 interviews were a result of a subjective belief that not participating in the interrogation would cause her to lose her job.  Specifically, Defendant points to the magistrate judge's reliance on United States v. Bazile, 2013 WL 3776271 (S.D. Fla. July 17, 2013) in concluding that a defendant who does not testify at the

evidentiary hearing on a Garrity[1] claim, fails to present evidence of such a subjective belief. Notwithstanding the magistrate judge's finding of whether *any* evidence of Defendant's subjective belief in this regard is in the record, the Court agrees with the magistrate judge's finding that the totality of the evidence does not support that Defendant's statements were coerced and therefore voluntary.

Defendant next objects that the magistrate erred in concluding that Defendant did not establish an objectively reasonable expectation of job termination. Again, the Court agrees with the magistrate judge that Defendant has failed to demonstrate that the totality of the circumstances, including certain statements made by the Inspectors who interviewed her, as well as whether one of them possibly raised his voice, establishes a reasonable expectation that she would lose her job if she did not submit to an interview.

Based on a finding that Defendant's statements were not coerced, the Court also rejects Defendant's argument that the search of her vehicle and residence were tainted.

### III. Conclusion

Based on the foregoing, this Court finds that the magistrate judge's factual and legal conclusions are correct. Accordingly the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this

---

[1] Garrity v. New Jersey, 385 U.S. 493 (1967).

Court; **DENIES** Defendant's Motion to Suppress Search [Doc. 12]; and **DENIES** Defendant's Motion to Suppress Statements [Doc. 13].

**SO ORDERED**, this 5th day of December, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia